

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William J. Lawson
Secretary of State
Austin, Texas

Dear Sir:                         Attention:   Mr. Will Mann Richardson

Opinion No. O-4005
Re:   Does Article 1315, Vernon's Annotated
      Civil Statutes, allow the revival of
      such a corporation as the "Woman's
      Christian Temperance Union of the
      State of Texas" after five years
      has elapsed since the charter expired,
      and related questions?

Your letter of recent date requesting an opinion of
this Department on the questions stated therein reads in part
as follows:

"We are enclosing the original charter of the "Woman's
Christian Temperance Union of the State of Texas". You
will note that the charter was granted on August 4, 1886,
for a period of 50 years. The 50 year period expired on
August 4, 1936. The corporation now wishes to revive its
charter in accordance with the provisions of Article 1315.
That article provides that a corporation 'may revive its
charter with all the privileges and immunities and rights
of property, real and personal, exercised and held by it
at the date of the expiration of its said charter, by filing,
with the consent of a majority of its stockholders, a new
charter'.

"You will note that the purpose of this corporation is
for 'the suppression of the traffic of intoxicating liquors
in Texas and for such other purposes as the Woman's Christian
Temperance Union may see proper to adopt or carry out for the
good of the society'.

Honorable William J. Lawson, page 2

"The place of business of the corporation is given at Denton, Texas, with the provision that business may be transacted at other places as may from time to time be designated by the directors. The present corporation has always held that the principal place of business of the corporation was in the home of the president for each year, thus the principal place of business changes with the election of a new president.

"A number of questions arise in this connection:

"1. Does Article 1315 allow the revival of such a corporation after five years have elapsed since the charter expired?

"2. If such is the case, may the corporation use the same purpose as stated in its original charter, or must it bring its purpose within some subdivision of the present act?

"3. Must a principal place of business be stated, or can the principal place of business be allowed by the charter each year with the election of a new president?

"4. If the charter can be revived, will a majority of the members be sufficient where there are no stockholders even though the statutes specifically mention stockholders."

Article 1315, Vernon's Annotated Civil Statutes, provides:

"Corporations created for the support of benevolent, charitable, educational or missionary undertakings, the support of any literary or scientific undertaking, the maintenance of a library or the promotion of painting, music or other fine arts, whose charter has expired by limitation, may revive its charter with all of the privileges and immunities and rights of property, real and personal, exercised and held by it at the date of the expiration of its said charter, by filing, with the consent of the majority of its stockholders, a new charter under the provisions of this chapter, reciting therein such original privileges and immunities and rights of property and by filing therewith a certified copy of such original expired charter."

Honorable William J. Lawson, page 3


        Article 1387, Vernon's Annotated Civil Statutes,
provides in part:

        "A corporation is dissolved:  (1) By the expiration
    of the time limited in its charter. . ."

        It is stated in Thompson "On Corporations", Third
Edition, Volume 8, page 599:

        "A corporation is dissolved ipso facto and its powers
    as a corporate entity ceases on the expiration of the
    period of time stated in the charter or governing statute.
    It is dead in law and its existence as a corporation can
    only be continued thereafter by legislative action . . ."

        It is further stated in Thompson "On Corporations",
in the above mentioned volume on page 584:

        "Literally speaking, the dissolution of the corporation
    is its legal death.  In other terms, the dissolution of the
    corporation is such a termination of the entity as ends
    its capacity to act as a corporate body."

        Although corporations are dissolved ipso facto and
their power as corporate entities ceases on the expiration
of the period of time stated in their charters, apparently
Article 1315, supra, authorizes and empowers those corporations
created for the support of benevolent, charitable, educational
or missionary, etc., undertakings to revive their charters when
they have expired by limitation, with all the privileges, immuni-
ties and rights of property, real and personal, exercised and
held by them at the date of the expiration of their charters.

        As we understand the first question presented in your
inquiry we do not have the question of renewal or amendment of
a charter but the revival of the same after it has expired by
limitation, as authorized by Article 1315, supra.  It will be
noted that this statute mentions no time in which the revival
of the charter is to be made.  Therefore, we answer your first
question in the affirmative.

Honorable William J. Lawson, page 4

With reference to your second question it will be noted that the purpose clause of the charter of the above named corporation is "this corporation is benevolent, and the purpose for which it is formed, is the suppression of the traffic of intoxicating liquors in Texas, and for such other purposes as the Woman's Christian Temperance Union may see proper to adopt, or carry out for the good of society".

It is our opinion that the corporation must use the same purpose clause as stated in its original charter. We do not think the Legislature contemplated that a change of the purpose clause could be made by the renewal of the old charter, or any new and additional powers or privileges were to be granted or obtained, but by the revival of the old charter, which had expired by limitations, when revived, under the provisions of Article 1315, the corporation would possess the same powers, rights and privileges as it possessed under its old charter.

In answer to your third question, it is our opinion that the corporation's principal place of business must be stated. Article 1304, Vernon's Annotated Civil Statutes, enumerates the information which must be contained in a charter of a private corporation. Among such requirements is found Section 3 thereof, which reads:

"The place or places where its business is to be transacted."

(Also see the case of Sanders v. Farmers' State Bank, 328 S. W. 635, and the case of Pittsburg Water Heater Company v. Sullivan, 282 S. W. 576) See our opinion No. O-2452, a copy of which is enclosed herewith.

With reference to your fourth question, it will be noted, that the above named corporation is a non-stock company and that there are no stockholders. Where there is no capital stock and no stockholders, and the corporation is a non-stock company as above mentioned, we think that the consent of a majority of the members will be sufficient to authorize the revival of the charter of the above mentioned corporation in compliance with Article 1315, supra, even though said article specifically mentions stockholders.

We are returning herewith the original charter.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 16, 1941

By *Ardell Williams*

FIRST ASSISTANT
ATTORNEY GENERAL

Ardell Williams
Assistant

AW:AMM

ENCLOSURES

